UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ELOISE CALDWELL** | * | **CIVIL ACTION NUMBER:  6:17CV00904** |
| | * | |
| **VERSUS** | * | **JUDGE REBECCA DOHERTY** |
| | * | |
| **WAL-MART STORES, INC.** | * | **MAGISTRATE JUDGE WHITEHURST** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF WAL-MART LOUISIANA, LLC**</u>

Wal-Mart Louisiana, LLC, presents this Memorandum in Support of the foregoing Motion for Summary Judgment regarding liability as follows:

**I.   <u>FACTS</u>**

Plaintiff filed this lawsuit after she tripped and fell in a pothole in the Wal-Mart parking lot in Abbeville, Louisiana on February 5, 2016. (Plaintiff's Petition for Damages and Amended Petition for Damages[1]). The pothole was located in a parking space on Row 9. It was not located in a pedestrian walkway. (Exhibit B1 – Store Photographs as authenticated by Affidavit of Store Manager, Michelle Monteaux). Wal-Mart had no knowledge of this pothole prior to Plaintiff's accident. (Exhibit B – Affidavit of Store Manager, Michelle Monteaux). Plaintiff has no evidence to suggest that Wal-Mart knew or should have known about a pothole. (Exhibit A – Plaintiff Deposition, page 84). Because plaintiff will not be able to meet her burden of proof under La. R.S. 9:2800.6 or La. C.C. art. 2317.1, her claim should be dismissed.

---

[1]   See State Court Pleadings filed in the Response to Removal Order at Doc. 6.

1

## II.     LAW AND ARGUMENT

### A. Law relative to Summary Judgment.

Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[2] Summary judgment is considered viewing all evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor.[3]

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact.[4] "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted."[5] Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant."[6] Conjecture, speculation, conclusory allegations and unsubstantiated assertions are insufficient to defeat summary judgment.[7] Similarly, a party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming evidence supports the opposite scenario.[8] If, however, the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact.[9]

---

[2] F.R.C.P. Rule 56(c).
[3] *Kane v. National Union Fire Insurance Co.,* 535 F.3d 380 (5th Cir. 2008).
[4] *Burge v. Parish of St. Tammany*, 187 F.3d 452 (5th Cir. 1999).
[5] *Id*.
[6] *Little v. Liquid Air Corp.*, 199437 F.3d 1069, 1076 (5th Cir. 1994).
[7] *Id.*
[8] *Vais Arms, Inc.* v. *Vais.* 383 F.3d 287, 294 (5th Cir. 2004).
[9] *Burge, supra*, at p. 465.

### B. The pothole did not present an unreasonable risk of harm.

This case is exclusively governed by the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6, which sets forth the burden of proof in claims against merchants as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained **because of a *fall* due to a condition** existing in or on a merchant's premises, **the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following**:
>
> **(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.**
>
> **(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.**
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[10]

Louisiana jurisprudence has consistently held La. R.S. 9:2800.6 is the controlling statute for trip and fall cases, and other statutes, including La. C.C. Art. 2317.1, do not apply to falls due to a condition in or on the merchant's premises.[11] Nonetheless, although La. R.S. 9:2800.6 is the exclusively applicable statute, Plaintiff's claims fail regardless of whether the Court applies 9:2800.6 or La. C.C. art. 2317.1. Under La. C.C. art. 2317.1, the plaintiff must prove that the defendant knew or, in the exercise of reasonable care, should have known about the defect, that the damage could have been prevented by the exercise of reasonable care, and that the defendant failed to exercise reasonable care. Under either La. R.S. 9:2800.6 or La. C.C. art. 2317.1,

---

[10] Emphasis added.
[11] See *Brown v. Wal-Mart Louisiana LLC*, CIV.A. 10-1402, 2012 WL 3109785, at *6 (W.D. La. July 27, 2012) ("Thus, the jurisprudence is clear: Once a patron falls on the merchant's premises due to a condition existing in or on the premises, Section 9:2800.6 applies and the Louisiana courts have determined it is "error" to, also, apply Articles 2317 and 2322.")

3

Plaintiff cannot prevail, because she cannot prove that the pothole presented an unreasonable risk of harm which Wal-Mart knew or should have known about.

In determining whether a pothole constitutes an unreasonable risk of harm, courts consider the size of the defect, its location, and the accident history of the defect. For instance, in *Leonard v. Sam's West, Inc.* the Court concluded under both La. R.S. 9:2800.6 and La. C.C. art. 2317.1 that the size, location, and absence of prior accidents supported a finding that the depression in the parking lot in which the plaintiff had tripped was not unreasonably dangerous. The court relied, in part on the store representative's affidavit attesting that the plaintiff's accident was the only reported incident of the depression, which was located in a parking space which not a "designated pedestrian walkway or a high traffic area," suggesting a low likelihood and magnitude of potential harm.[12]

Similarly, in *Kendall v. Weingarten Realty Mgmt. Co.*, the Court found the plaintiff failed to show the pothole was unreasonably dangerous because it was in an area normally covered by a parked car, and the store indicated it had no prior knowledge of the pothole prior to the plaintiff's accident. The court noted the defect presented a slight risk when compared with the high utility of the parking lot, and the store did not have a duty to maintain a perfect parking lot free from all defects, as would be impossible and cost-prohibitive.[13]

In this case, the pothole was in Row 9, six spaces back. It was in a parking space where vehicles would ordinarily park, rather than in a pedestrian walk-way. (Exhibit B1 – Store Photographs as authenticated by Affidavit of Store Manager, Michelle Monteaux). Further, Wal-Mart did not have actual or prior knowledge of the pothole prior to the accident. Wal-Mart's first notice of this pothole was Plaintiff's accident. (Exhibit B—Affidavit of Michelle Monteaux). This

---

[12]     *Leonard v. Sam's West, Inc.*, No. CIV.A. 11-846, 2013 WL 121761 (M.D. La. Jan. 9, 2013).
[13]     *Kendall v. Weingarten Realty Mgmt. Co.*, 33,903 (La. App. 2 Cir. 9/27/00), 769 So. 2d 171,

accident was the only known accident to have occurred in this particular pothole. (Exhibit B—Affidavit of Michelle Monteaux). Further, Plaintiff testified that she had no knowledge of any Wal-Mart employee who knew the pothole was there or for how long the pothole had been there. (Exhibit A—Plaintiff Depo., p. 84). Thus, Plaintiff has no evidence to support that Wal-Mart had actual or constructive knowledge of the pothole, and she will be unable to prevail at trial. Wal-Mart is entitled to summary judgment dismissing her claims with prejudice.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER,
  McELLIGOTT, FONTENOT,
    GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
DAVID J. CALOGERO, #1748
HALLIE P. COREIL, #33784
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana  70502-2908
Telephone:   (337) 237-1660
Facsimile:   (337) 237-3676

Attorneys for Wal-Mart Louisiana, LLC

## CERTIFICATE

I HEREBY CERTIFY that on this 22nd day of September, 2017, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Philip A. Fontenot, #16918*
Philip A. Fontenot, #16918
