# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Caldwell                                                                        Civil Action No. 17-00904

versus                                                          Magistrate Judge Carol B. Whitehurst

Wal-Mart Stores Inc                                      By Consent of the Parties

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by defendants, Wal-Mart Stores, Inc. ("Wal-Mart") [Rec. Doc. 11], Plaintiff Eloise Caldwell's Opposition [Rec. Doc. 19] and Wal-Mart's Reply brief [Rec. Doc. 220]. For the reasons that follow, the motion for summary judgment is GRANTED.

### *I. Background*

Plaintiff, Eloise Caldwell, was walking in the Wal-Mart parking lot in Abbeville, Louisiana on February 5, 2016. As she headed toward the entrance to the store, Plaintiff was walking between several cars when she tripped and fell in a pothole located in a parking space on Row 9. Plaintiff alleges she injured her knee and leg. Plaintiff filed this lawsuit against Wal-Mart[1] in the Fifteenth Judicial Court, Vermilion Parish, Louisiana alleging Wal-Mart was negligent under the provisions of Louisiana Civil Code Articles 2315, 2317 and 2322. *Id.* The case was removed to

---

[1] Plaintiff also named the Wal-Mart store manager, Gene Slivika, who was jointly dismissed on August 5, 2017. *R. 8.*

this Court on July 13, 2017. *R. 1*.

## *II. Summary Judgment Standard*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id*. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of her case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id*. Hearsay evidence and unsworn documents do not qualify as competent

opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

### III. Analysis

*A. Applicable Law*

"In Louisiana, 'every act ... of man that causes damage to another obliges him by whose fault it happened to repair it.' La. Civ. Code art. 2315(A). Under Louisiana's 'standard negligence analysis'—the 'duty-risk analysis'—a plaintiff must prove five elements: first, that the defendant had a duty to conform his conduct to a specific standard (duty); second, that the defendant's conduct failed to conform to the appropriate standard (breach); third, that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); fourth, that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and fifth, that the plaintiff suffered actual damages (damages).

For 'merchants' like Wal-Mart, however, § 9:2800.6 of the Louisiana Revised Statutes alters this analysis slightly. Merchants 'owe [ ] a duty ... to exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition,' which 'includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.' La. Stat. §

3

9:2800.6(A). When someone sues a merchant for damages 'as a result of an injury ... or loss sustained because of a fall due to a condition existing in or on [the] premise,' the plaintiff must prove 'in addition to all other elements of [the] cause of action':

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La.Rev.Stat. § 9:2800.6(B)." *Duncan v. Wal-Mart Louisiana, LLC*, 863 F.3d 406, 409 (5th Cir. 2017). "La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden." *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1085 (La.,1997); *Bertaut v. Corral Gulfsouth, Inc.*, 209 So. 3d 352, 356 (La. App. 5 Cir. 12/21/2016) ("The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action.").

While Wal-Mart agrees that 9:2800.6 applies in this case, Plaintiff alleges that Wal-Mart's liability is based solely on negligence, La. C.C. arts 2315, 2317, and 2322. *R. 1*. In its opposition, Plaintiff contends only that Wal-Mart was negligent under La. Civil Code art. 2322. *R. 19*. Louisiana jurisprudence, however, has

4

consistently held that La. R.S. 9:2800.6 is the controlling statute for trip and fall cases, and other statutes, including La. C.C. Art. 2322, do not apply to falls due to a condition in or on the merchant's premises, such as in this case. In *Brown v. Wal-Mart Louisiana, LLC*, 2012 WL 3109785, at *6 (W.D. La. July 27, 2012), the court stated:

> Thus, the jurisprudence is clear: Once a patron falls on the merchant's premises due to a condition existing in or on the premises, Section 9:2800.6 applies and the Louisiana courts have determined it is "error" to, also, apply Articles 2317 and 2322. *See, e.g., Gruver v. Kroger Co.*, 54 So.3d 1249, 1252 (La. App. 3rd Cir. 2011) (in case involving patron who slipped while standing beside store's motorized scooter, with one foot on scooter and one foot on floor, and in which patron argued application of Articles 2317.1 and 2322, court held Section 9:2800.6 applied because the case involved plaintiff's fall on the premises).

Hence, La. C.C. art. 2322 is inapplicable to this case involving a trip and fall. As La. R.S. 9:2800.6 is the controlling statute, the Court will deny Plaintiff's claims and/or causes of action alleged under Article 2223 and consider this action under 9:2800.6.

*B. Uncontested Facts*

In accordance with Rule 56.1 of the Local Rules of this Court, Wal-Mart attached a "Statement of Uncontested Facts" to its motion for summary judgment. Plaintiff's opposition includes a section entitled, "List of Material Facts That Are Genuinely Disputed," which fails to comply with Local Rule 56.2 because it in no

way indicates whether Plaintiff admits or denies the statement of fact submitted by Wal-Mart.[2] *See Hall v. Louisiana*, 2014 WL 3748244, at *1 (M.D.La.,2014). When the non-movant fails to properly address the movant's assertion of facts, Local Rule 56.2 requires the Court to deem such facts admitted for the purposes of the motion. L.R. 56.2; *see also* Fed.R.Civ.P. 56(e). Accordingly, the following facts are considered undisputed:

> 1. The pothole in which Plaintiff tripped was in a parking space. It was not in a pedestrian walk-way.
>
> 2. Plaintiff's accident was Wal-Mart's first notice of the pothole in Row 9 of the Abbeville Wal-Mart parking lot.
>
> 3. Plaintiff has no evidence, and there is no evidence, that any Wal-Mart employee had knowledge of the pothole in which she slipped prior to the accident.
>
> 4. Plaintiff has no evidence, and there is no evidence, that any Wal-Mart employee caused the pothole.
>
> 5. Plaintiff has no evidence to indicate the length of time that the pothole was present prior to the accident.
>
> 6. Plaintiff has no evidence, and there is no evidence, to indicate that Wal-Mart failed to exercise reasonable care.

---

[2] Local Rule 56.2 provides:
Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, **unless controverted as required by this rule.** (Emphasis added)

*R. 11-2.*

Plaintiff cites no evidence to support the contentions in her opposition that Wal-Mart: "never instructed or warned the Plaintiff not to walk on the parking lot"; "placed no placard, rope or other device to warn the customers in their parking lot to be aware of the pothole"' and "upon information and belief, [Plaintiff] believes that the hole had existed for some time, had been repaired, but had not been repaired sufficient to maintain a safe asphalt patch over the pothole." *R. 19, p. 3*. Nor is there any evidence cited or in the record to support Plaintiff's "List of Material Facts That Are Genuinely Disputed." *R. 19, p. 2*. Specifically, there is no evidence that, *inter alia,* "the deterioration of the condition of the asphalt was of a long term duration and did not occur immediately" or that Wal-Mart "did not have a regular maintenance program" or "did not regularly inspect the parking lot." *Id.*

In summary, there is absolutely no evidence to controvert that Plaintiff tripped in a parking space—not a pedestrian walkway; that Wal-Mart had no knowledge of this pothole prior to Plaintiff's accident; or that Wal-Mart knew or should have known about the pothole. Rather, these uncontested facts are supported by the Affidavit of the store's manager, Michelle Monteaux, and/or Plaintiff's Deposition. *R. 11-2.*

The Court finds Plaintiff has failed to carry her burden, in opposition to Wal-Mart's motion for summary judgment, to "set forth specific facts showing that there

is a genuine issue for trial." Fed. R. Civ. Pro. 56(e); *see also Little v. Liquid Air Corp.*, 37 F.3d 1060, 1075 (5th Cir. 1994) (summary judgment burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence.") More particularly, Plaintiff has failed to show that the parking lot pothole presented an unreasonable risk of harm to Plaintiff and that risk of harm was reasonably foreseeable by Wal-Mart; Wal-Mart had actual or constructive notice of the pothole; and Wal-Mart failed to exercise reasonable care.

Consequently, the Motion For Summary Judgment filed by Wal-Mart Stores, Inc. will be **GRANTED**.

THUS DONE AND SIGNED at Lafayette, Louisiana, March 19, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE